NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN T. NOVARTIS and IZABELLE BERNARDO,<br><br>**Plaintiffs,**<br><br>v.<br><br><br>MILLERCOORS LLC, DOES 1-10, DOES 11-20, and DOES 21-30,<br><br>**Defendants.** | Civil Action No. 15-3891 (CCC)<br><br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

Defendant MillerCoors has moved to transfer venue to the United States District Court for the Northern District of Texas. [CM/ECF No. 7.]  The motion is opposed.  For the reasons that follow the motion is **DENIED.**

### BACKGROUND

Plaintiffs John T. Novartis and Izabele Bernardo are husband and wife and are citizens and residents of  of New Jersey. (Comp., ¶ 1.)  Defendant MillerCoors LLC ("MillerCoors") is a Delaware corporation with its principal place of business in Milwaukee, Wisconsin. (Comp., ¶ 2.) MillerCoors owns a brewery facility in Fort Worth, Texas where the instant cause of action occurred. (Comp., ¶ 3.)  MillerCoors is registered to do business in New Jersey, places its products into the stream of commerce in New Jersey, and apparently conducts substantial and continuous business in

New Jersey. (Comp., ¶¶ 4-5.)

The complaint alleges that on January 27, 2015, Mr. Novartis was operating a tandem tractor-trailer and delivering MillerCoors products to the MillerCoors facility in Forth Worth, Texas. Rodrick D. Richardson, an employee of Millis Transfer, was also operating a tandem tractor-trailer picking up a delivery at the Fort Worth facility.  Mr. Novartis was directed to deliver his shipment to Bay 16. Mr. Novartis backed up his trailer to the loading dock at Bay 16, exited his vehicle and walked towards the back of the trailer.  Shortly after Mr. Novartis exited his vehicle, Mr. Richardson backed his trailer into Bay 15 which is next to  Bay 16. Mr. Richardson allegedly failed to observe Mr. Novartis and struck him with the right rear tires of his trailer, catching his right leg and dragging his body  across the ground.

According to Plaintiff, as a result of the accident, Mr. Novartis was diagnosed with extremely serious injuries including  bilateral superior and inferior public rami fractures, left acetabular fracture, right open promimal fibular fracture and right lower extremity near circumferential degloving injury. (Pls.' Mem. in Opp'n to Def.'s Mot. to Transfer pg. 4.)  Mr. Novartis remained in Texas for four months for continued treatment and surgeries due to the severity of his injuries.  On May 2, 2015, Mr. Novartis returned to New Jersey via an air ambulance.  He was admitted to Kessler Institute for Rehabilitation and later discharged with multiple trauma, right pelvic fracture, right posterior femur knee partial thickness wound, right heel deep tissue injury, and right foot/leg graft site wound.

On May 12, 2015, Mr. Novartis began treatment with William Oppenheim, M.D in Springfield, New Jersey.  According to Dr. Oppenheim's letter dated August 7, 2015, Mr. Novartis sustained a massive injury to his right lower extremity and has been involved in a series of

reconstructive surgeries and at the present time is unable to travel and will be undergoing his next surgery August 17, 2015. [CM/ECF No. 12.]

Defendant MillerCoors now moves to transfer this case to the Northern District of Texas. MillerCoors maintains that the case should be transferred because the accident occurred in Texas and all potential defense witnesses live in Texas.

## **DISCUSSION**

### A. *Transfer of Venue pursuant to 28 U.S.C. 1404(a)*

Section 1404(a) provides broad authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The decision to transfer a case under Section 1404(a) is highly discretionary. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc.v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The purpose of section 1404(a) "is to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses...'" Ricoh Co., ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The moving party bears the burden of establishing the need for transfer, and a plaintiff's choice of forum "should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

### B. *Balance of Interests*

The transfer provision identifies certain criteria to be considered: the convenience of parties; the convenience of witnesses; and the interests of justice. 28 U.S.C. § 1404(a). The Third Circuit has articulated a more comprehensive list of public and private concerns implicated by § 1404(a). Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of

their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995). Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id. Thus, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Id.; see also Clark v. Burger King Corp., 255 F.Supp.2d 334, 337 (D.N.J. 2003). The "analysis is flexible and must be made on the unique facts of each case." Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 428 (D.N.J. 2000) (citations omitted).

**1. Private Factors**

Plaintiff's Forum Selection

Within the Third Circuit, a plaintiff's choice of forum has been described as a "paramount concern" in deciding a motion to transfer venue. Shutte v. Armco Stell Corp., 431 F.2d 22, 25 (3d Cir. 1970). When a plaintiff chooses their home forum, the choice is "entitled to greater deference." Sandvik, Inc. v. Cont'l Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989). Here, Plaintiff lives in New Jersey and has chosen his home forum for this litigation. While Defendants prefer the Northern District of Texas, Defendant is the moving party and bears the burden of persuasion regarding its motion to transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). To overcome the presumption in favor of Plaintiff's choice of forum, Defendant must show the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum. Shutte, 431 F.2d at 25. In this case, the defendant has failed to do so.

Convenience of the Parties

4

The convenience of the parties is an important factor in a transfer analysis. Courts look to the relative physical and financial condition of parties in evaluating convenience. Santi v. Nat'l Business Records Management, LLC, 722 F. Supp. 2d 602, 608 (D.N.J. 2010). Courts in this district have routinely held that a motion to transfer should be denied when a plaintiff has difficulty traveling to another forum. See Veverka v. Royal Caribbean Cruises Ltd., Civ. A. No. 13-3070, 2012 U.S. Dist. LEXIS 175660 (D.N.J. Dec. 12, 2012); Lieberman v. Carnival Cruise Lines, Civ. A. No. 13-4716, 2014 U.S. Dist. LEXIS 109260 (D.N.J. Aug 7, 2014). It is clear that Mr. Novartis has sustained serious injuries. According to Mr. Novartis' treating physician, Dr. William Oppenheim, Mr. Novartis' injuries render it impossible for him to travel. [ CM/ ECF No. 12.] Mr. Novartis requires assistance in almost all activities of daily living such as driving, showering, and dressing. He has been hospitalized numerous times for surgeries. He has also undergone multiple treatments for various infections. Simply put, Plaintiffs medical condition outweighs all other transfer factors, many of which would otherwise point to Texas as the preferable forum. However, Plaintiff's physical condition overrides other convenience arguments. It would be unfair and unjust to force Mr. Novartis, with his limited mobility and constant need of medical assistance to litigate this case in Texas.

Plaintiff relies upon Veverka v. Royal Caribbean Cruises LTD, 2012 WL 6204911 (D.N.J. 2012). In Veverka, the Court noted plaintiff's elderly age, medical condition, and doctor's note stating she "should not travel" outside of New Jersey in denying a transfer motion. Id. at 1, 7. Here, Plaintiff is clearly suffering from a severe medical condition. Mr. Novartis' doctor note expressly states that "he is unable to travel," as opposed to Veverka where the doctor simply stated plaintiff "should not travel." Once again, Plaintiff's doctor's definitive restriction against travel outweighs the other transfer factors.

As a practical matter, New Jersey is not foreign to MillerCoors. MillerCoors is registered

5

to do business in New Jersey and conducts extensive business here.  It is no great inconvenience to MillerCoors to litigate in New Jersey and it would not be prejudiced by a trial  here.

<u>Convenience of the Witnesses and Access of Proof</u>

The convenience of witnesses and access to sources of proof are normally important considerations in a 1404(a) analysis.  See <u>Teleconference Sys. v. Proctor & Gamble Pharm., Inc.</u>, 676 F. Supp. 2d 321, 331 (D. Del. 2009).  In deciding a motion to transfer, courts distinguish between party and non-party witnesses.  <u>See</u> <u>Nat'l Prop. Investors VIII v. Shell Oil Co.</u>, 917 F. Supp. 324, 329 (D.N.J. 1995) (citations omitted).  Party witnesses usually carry less weight because they are presumed as willing to testify in either forum, even if it may be inconvenient.  <u>See</u> <u>Liggett Group Inc. V. R.J. Reynolds Tobacco Co.</u>, 102 F. Supp. 2d 518, 534 n.19 (D.N.J. 2000).  Non-party witnesses, on the other hand, may be compelled to testify only by subpoena.  <u>See</u> Fed. R. Civ. P. 45. Thus, it is possible that certain Texas non-parties could not be forced to attend a trial in New Jersey. However, any such witnesses could appear by deposition subject to the Rules of Civil Procedure and Evidence.

Defendant argues that at least three of their witnesses are non-parties who are outside the control of MillerCoors.  These witnesses include two Texas police officers who investigated the accident and a safety worker who arrived at the accident scene.  However, Defendants are not specific about the importance of their testimony or why it cannot be presented by other than live testimony as they are required to do.  <u>Plum Tree, Inc. v. Stockment</u>, 488 F.2d 754, 756-57[1]; <u>see also</u>

---

[1] "With regard to convenience of the witnesses, the <u>Plum Tree</u> court noted:

> Examples of such documents would be a list of the names and address of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other

Bachmann Software & Servs, v. Intouch Group, Inc., 2008 WL 2875680 (D.N.J. July 22, 2008 ("The party seeking transfer should support its motion with affidavits and other documentation that establishes that the interests of justice and convenience of the parties would best be served by transfer.")  Thus, this Court concludes that MillerCoors has failed to meet its burden of persuading on this factor.

This Court is sensitive to the transfer significance attached to non-party witnesses who may not be compelled to attend trial. However here, Defendants have not articulated precisely how these witnesses are necessary to their defense nor have they state why these witnesses will not attend trial or why it would be prejudiced by deposition testimony of these witnesses. That said, this is the somewhat unique case where Plaintiff's total inability to travel outweighs the arguments about out of state witnesses not subject to compulsory process.

### 2. **Public Factors**

MillerCoors has not established that the public interest factors warrant transfer.  It  claims that it is necessary for jurors to personally observe the location where the accident took place. However, this is not really practical or necessary. Jury views of accident sites are extremely unusual. As in almost all accident cases,  photographs and videos will likely be sufficient to fully inform the jury about the site of the accident.  While it is true that Texas has an interest in the subject matter of this case, New Jersey also has a substantial interest in determining the rights of Plaintiff, its citizen. Further analysis is not necessary in this case, given the overarching factor of Plaintiff's serious medical condition.

---

materials where appropriate." Security Police and Fire Professionals, WL 5080803, at *7 (quoting Plum Tree, Inc., 488 F.2d 754 at 757, n.2)).

## **CONCLUSION**

For the reasons stated above, defendant's motion to transfer venue to the Northern District of Texas is **denied.** [CM/ECF No. 7.]


**s/Mark Falk**
**Mark Falk**
**United States Magistrate Judge**


**DATED: October 20, 2105**